## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BUFFETS HOLDINGS, INC., *et al.,* | ) | Case No. 08-10141 (MFW) |
| | ) | |
| Debtors. | ) | |

## <u>NOTICE OF APPEAL</u>

Alabama Power Company, pursuant to 28 U.S.C. § 158(a), hereby appeals to the United

States District Court for the District of Delaware from the Final Order Pursuant to Section 366 of

the Bankruptcy Code (I) Prohibiting Utility Companies from Altering, Refusing, or

Discontinuing Utility Services, (II) Deeming Utilities Companies Adequately Assured of Future

Performance, and (III) Establishing Procedures for Determining Adequate Assurance Payment

entered in the above-styled bankruptcy case on February 28, 2008 (*Docket No. 414).*

The names of all parties to the Order appealed from and the names, addresses and

telephone numbers of their respective attorneys are as follows:

> Pauline K. Morgan
> Joel A. Waite
> Joseph M. Barry
> Shawn T. Greecher
> YOUNG CONAWAY STARGETT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P. O. Box 391
> Wilmington, Delaware  19899-0391
> Telephone:  (302) 571-6600
> Facsimile:   (302) 571-1253
>
> *Attorneys for Buffets Holdings, Inc., et al.*

William Douglas White
MCCARTHY & WHITE PLLC
8180 Greensboro Drive, Suite 875
McLean, Virginia  22102
Telephone:  (703) 770-9265
Facsimile:   (703) 770-9266
E-mail Address:  wdw@mccarthywhite.com

Michael P. Morton
MICHAEL MORTON. P.A.
1203 North Orange Street
Wilmington, DE  19801
Telephone:  (302) 426-1313

*Attorney for Del Marva Power & Light Company, Atlantic City Electric
Company, Potomac Electric Power Company, Florida Power & Light
Company, Sacramento Municipal Utility District and Gexa*

Eric T. Ray
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama  35203
Telephone:  (205) 226-3457
Facsimile:   (205) 488-5845
E-mail address:  eray@balch.com

William D. Sullivan
William A. Hazeltine
SULLIVAN HAZELTINE ALLINSON LLC
4 East 8th Street, Suite 400
Wilmington, DE  19801
Telephone:  (302) 428-8191

*Attorneys for Alabama Power Company*

Dated:  March 7, 2008.

/s/ Eric T. Ray
Eric T. Ray (admitted *pro hac vice*)
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama  35203
Telephone:  (205) 226-3457
Facsimile:   (205) 488-5845
E-mail address:  eray@balch.com

*- and –*

William D. Sullivan
William A. Hazeltine
SULLIVAN HAZELTINE ALLINSON LLC
4 East 8th Street, Suite 400
Wilmington, DE  19801
Telephone:  (302) 428-8191
Facsimile:   (302) 428-8195
*Attorneys for Alabama Power Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed and served upon the following

by U.S. Mail, properly addressed and postage prepaid, on the 7th day of March, 2008:

Pauline K. Morgan
Joel A. Waite
Joseph M. Barry
Shawn T. Greecher
YOUNG CONAWAY STARGETT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391

William Douglas White
MCCARTHY & WHITE PLLC
8180 Greensboro Drive, Suite 875
McLean, Virginia  22102

/s/ Eric T. Ray
Of Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ------------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| BUFFETS HOLDINGS, INC., | : | Case No. 08-10141 (MFW) |
| a Delaware corporation, et al,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| ------------------------------------------------------------- x | | **Ref. Docket No. 6, 32** |

**FINAL ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE
(I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR
DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITIES COMPANIES
ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the motion (the "Motion")[1] of Buffets Holdings, Inc.

("BHI"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries,

the debtors and debtors in possession in the above cases (collectively, "Buffets" or the

"Debtors"), seeking entry of an Interim Order and Final Order pursuant to section 366 of the

Bankruptcy Code (i) prohibiting Utility Companies from altering, refusing, or discontinuing

Utility Services, (ii) deeming Utility Companies adequately assured of future performance, and

(iii) establishing procedures for determining adequate assurance of payment, all as described

more fully in the Motion; and objections to the Motion having been filed by Horry Electric

Cooperative [D.I. 150], Entergy [D.I. 155], American Electric Power, et al. [D.I. 164], Public

Service of North Carolina, et al. [D.I. 184], Alcorn County Electric Power Association, et al.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets Holdings, Inc. (4018); Buffets, Inc. (2294); HomeTown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing Co. (7610); Buffets Leasing Company, LLC (8138); Ryan's Restaurant Group, Inc. (7895); Buffets Franchise Holdings, LLC (8749); Tahoe Joe's, Inc. (7129); HomeTown Leasing Company, LLC (8142); OCB Leasing Company, LLC (8147); Big R Procurement Company, LLC (5198); Ryan's Restaurant Leasing Company, LLC (7405); Fire Mountain Restaurants, LLC (8003); Ryan's Restaurant Management Group, LLC (6739); Tahoe Joe's Leasing Company, LLC (8145); Fire Mountain Leasing Company, LLC (7452); Fire Mountain Management Group, LLC (7299). The address for all of the Debtors is 1460 Buffet Way, Eagan, MN 55121.

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[D.I. 190], and City of Tacoma, Washington [D.I. 192] (collectively, the "Settling Parties"); and

further objections having been filed by Integrys Energy Services, Inc. ("Integrys") [D.I. 170] and

Hess Corporation ("Hess") [D.I. 218] (collectively, the "Removed Parties"); and further

objections having been filed by Alabama Power Company ("APC") [D.I. 171] (the "APC

Objection") and Delmarva Power and Light Company,  Potomac Electric Power Company,

Atlantic City Electric Company, Florida Power & Light Company, Gexa Energy LP

(individually, "Gexa") and Sacramento Municipal Utility District (collectively, ~~excluding Gexa~~

"DPLC," and collectively with APC, the "Objecting Utilities") [D.I. 189] (the "Delmarva

Objection" and together with the APC Objection, the "Objections")[2]; and a letter requesting

additional adequate assurance having been submitted to the court by Dixie Electric Power

Association [D.I. 198]; and the Court having held a hearing on February 13, 2008 (the

"Hearing") to consider the relief requested in the Motion and the Objections filed by the

Objecting Utilities; and the Court having been informed at the Hearing on this Order that the

objections of the Settling Parties have been withdrawn subject to the agreements reached

between the Debtors and the Settling Parties; and the Motion having been withdrawn as to the

Removed Parties, as set forth below; and the Court having made an oral decision overruling the

Objections on the record at the Hearing; and the Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of

the Motion having been provided; and it appearing that no other or further notice of the Motion

need be provided; and the Court having determined that the relief sought in the Motion is in the

best interests of the Debtors, their estates and all parties in interest; and upon the Motion, and the

---

[2] Notwithstanding their separate definition herein, the Objecting Utilities shall be included in the terms
"Utility Company," "Utility Companies," "Utility Service," and "Utility Services" as those terms are used
herein.

066956.1001

Declaration of A. Keith Wall in Support of the Debtors' Chapter 11 Petitions and First Day

Relief, dated as of the Petition Date; and all of the proceedings had before the Court; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as set forth herein; and it is

further

ORDERED that subject to the below, the Objections are overruled; and it is

further

ORDERED that the Motion is hereby withdrawn with respect to Gexa and the

Gexa accounts listed on page 4 of the Delmarva Objection and nothing set forth in this Order

shall be deemed to, nor shall it, prejudice any rights Gexa may have under section 366 or 556 of

the Bankruptcy Code, if any, or any rights Gexa may have under the Business Electricity

Authorization Agreement dated June 6, 2006 by and between Gexa and Ryan's Restaurant

Group, Inc.; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay on a timely

basis and in accordance with their prepetition practices all undisputed invoices for postpetition

Utility Services provided by the Utility Companies to the Debtors; and it is further

ORDERED that, to the extent not already deposited, the Debtors shall, on or

before the date which is twenty (20) days after the Petition Date, deposit a sum equal to 50% of

the Debtors' estimated monthly cost of utility service (the "Utility Deposit") into an interest-

bearing, newly created segregated account (the "Utility Deposit Account"), with such Utility

Deposit to be held in escrow, pending further order of the Court, for the purpose of providing

each Utility Company adequate assurance of payment of its postpetition utility services to the

Debtors, provided, however, that pending further order of the Court, the amount of the Utility

Deposit to be placed into the Utility Deposit Account with respect to the accounts listed by APC

in the APC Objection shall be $149,472.18 (the "APC Deposit") and the amount of the Utility

Deposit to be placed into the Utility Deposit Account with respect to the accounts listed by

DPLC in the DPLC Objection shall be $189,126³ $516,041.94³/ (the "DPLC Deposit," together with the APC

Deposit, the "Additional Utility Deposits").  Other than with respect to the Additional Utility

Deposits, the Utility Deposit Account shall be maintained with a minimum balance equal to 50%

of the Debtors' estimated monthly cost of utility service, regardless of any Requests, as defined

below, and/or agreements with Utility Companies, provided, however, that to the extent the

Debtors terminate any Utility Service provided by a Utility Company or make other

arrangements with respect to adequate assurance of payment, the Debtors are permitted to reduce

the balance in the Utility Deposit or Additional Utility Deposit, as applicable, in the amount

allocated for such Utility account and any bank at which the Debtors maintain the Utility Deposit

Account may rely on the representations of the Debtors that a request to reduce the Utility

Deposit Account is in accordance with this order without liability; and it is further

ORDERED that, a hearing to consider the adequacy of the amount of the

Additional Utility Deposits shall be held on March 12, 2008 at 11:30 a.m. (ET), provided,

however, that the parties may adjourn such hearing or otherwise resolve the Additional Utility

Deposits by mutual agreement without further order of the Court; and it is further

ORDERED that, except in accordance with the procedures set forth herein and

absent further order of the Court, the Utility Companies are prohibited from altering, refusing, or

discontinuing Utility Services on the basis of the commencement of the Debtors' chapter 11

---

³ The DPLC Deposit represents the total of the separate amounts claimed in the DPLC Objection with respect to the accounts of Delmarva Power & Light Company, Atlantic City Electric Company, Potomac Electric Power Company, Florida Power & Light Company, and Sacramento Municipal Utility District, and No amounts have been included for Gexa.

cases or on account of any unpaid invoice for Utility Services provided before the Petition Date, and requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services; and it is further

ORDERED that if and to the extent the Debtors become delinquent with respect to a Utility Service then, after filing a notice of such delinquency (the "Delinquency Notice") with this Court and serving such notice on (a) the Debtors, Buffets Restaurants Holdings, Inc, 1460 Buffet Way, Eagan, MN 55121 (Attn: A. Keith Wall); (b) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West St., 17th Floor, Wilmington, DE 19801 (Attn: Ryan Bartley, Esquire); (c) counsel to the official committee of unsecured creditors, Otterbourg, Steindler, Houston & Rosen, P.C. 230 Park Avenue, New York, New York 10169 (Attn: Jenette Barrow-Bosshart, Esq.); and (d) counsel to the United States Trustee, 844 King St., Suite 2207, Wilmington, DE 19801 (Attn: Jane M. Leamy), the Debtors have not cured such delinquency or a party-in-interest has not objected to the Delinquency Notice, in either case within 10 days, then the Debtors shall remit to such Utility Company from the Utility Deposit Account the lesser of (i) the amount allocated in the Utility Deposit Account for such Utility account, and (ii) the amount of post-petition charges claimed as delinquent in the Delinquency Notice; and it is further

ORDERED that if a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request (a "Request") upon counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attention: Ryan M. Bartley, Esq.), setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of

5

the Debtors' payment history on each account, and an explanation of why the Utility Deposit is no adequate assurance of payment; and it is further

ORDERED that, without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a Request, if the Debtors, in their discretion, determine that the request is reasonable; and it is further

ORDERED that, if the Debtors believe that a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request, file a motion (the "Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code seeing a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment; and it is further

ORDERED that nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with a Determination Motion; and it is further

ORDERED that, pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors; and it is further

ORDERED that the Utility Deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make a Request; and it is further

ORDERED that the Additional Utility Deposits shall be deemed adequate assurance of payment as to the Objecting Utilities; and it is further

ORDERED that the Motion is withdrawn as to the Settling Parties, the procedures set forth in this order shall not apply to the Settling Parties and the terms of the settlement agreements entered into by the parties shall control; and it is further

ORDERED that, with respect to the accounts (collectively, the "Hess Objection Accounts") maintained under: (i) the Base Agreement for the Purchase and Sale of Natural Gas,

dated July 17, 2007 and a related Trade Confirmation dated July 17, 2007 between Hess and the Debtors, and (ii) the Electricity Supply Agreement, dated March 31, 2004 between Hess and the Debtors, the Motion is withdrawn with respect to Hess for the Hess Objection Accounts and Exhibit A is amended to remove the Hess Objection Accounts; and it is further

ORDERED that, for the accounts between Integrys, as successor in interest to Peoples Energy Services Corporation, and the Debtors listed in Exhibit A to the Integrys objection to the Motion [D.I. 170] (collectively, the "Integrys Accounts"), the Motion is withdrawn with respect to Integrys for the Integrys Accounts and Exhibit A of the Motion is amended to remove the Integrys Accounts. Pending negotiation of any subsequent agreement between Integrys and Debtors with regard to deposits or other assurances of payment with respect to the Integrys Accounts, Debtors are authorized to pay Integrys in the ordinary course of business for post-petition charges incurred on the Integrys Accounts. To the extent that the Debtors' current Base Power Sale and Purchase Agreement, dated March 21, 2007 (the "Purchase Agreement") with Integrys is a "forward contract" and Integrys is a "forward contract merchant," as those terms are defined in 11 U.S.C. § 101(25) and (26), respectively, nothing in this order is intended to limit or impair Integrys's rights under section 556 (or any other section) of the Bankruptcy Code as a forward contract merchant; and it is further

ORDERED that nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

Dated:    Wilmington, Delaware
          February 21, 2008

                                        _____
                                        MARY F. WALRATH
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

DB02:6561178.7                                                              066956.1001

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

## APPEAL TRANSMITTAL SHEET

Case Number: ___08-10141_____ ⬢BK  ○ AP

   If AP, related BK Case Number: _____


Title of Order Appealed:
_Final Order Prohibiting Utility Companies from Altering, Refusing or Discontinuing_____

          Docket Number: _414_____        Date Entered: _2/27/2008_____

Item Transmitted:  ⬢ Notice of Appeal      ○ Motion for Leave to Appeal
                ○ Amended Notice of Appeal   ○ Cross Appeal
                Docket Number: _448_____   Date Filed: _3/07/2008_____

| \*Appellant/Cross Appellant: | \*Appellee/Cross Appellee |
|---|---|
| Alabama Power Company | Buffets Holdings, Inc. |
| Counsel for Appellant: | Counsel for Appellee: |
| Eric T. Ray, Esq. | Pauline K. Morgan, Esq. |
| William D. Sullivan, Esq. | Joel A. Waite, Esq. |
| William A. Hazeltine, Esq. | Joseph M. Barry, Esq. |
| | Shawn T. Greecher, Esq. |

*If additional room is needed, please attach a separate sheet.*

Filing Fee paid?  ⬢ Yes  ○ No

IFP Motion Filed by Appellant?  ○ Yes  ⬢ No

Have Additional Appeals to the Same Order been Filed? ⬢ Yes  ○ No
   If so, has District Court assigned a Civil Action Number?  ○ Yes  ⬢ No  Civil Action # _____

Additional Notes:
_See additional Sheet for more information_____

  _4/3/2008_____
Date

By: _Judy Fisher_____
          Deputy Clerk

FOR USE BY U.S. BANKRUPTCY COURT

Bankruptcy Court Appeal (BAP) Number: _BAP-08-7_____
7/6/06

Page 2

Case Number 08-10141
BAP-08-7

Appellant:     Alabama Power Company

Counsel for Appellants who filed in Case BAP-08-08 from same order: Docket #414:

>      William Douglas White, Esq.
>      Michael P. Morton, Esq.

>>      Delmarva Power & Light Company, Atlantic City Electric Company,
>>      Potomac Electric Power Company, Florida Power and Light Company,
>>      Gexa Energy and Sacramento Municipal Utility.

Appellee:     Buffets Holdings, Inc., et al

Appellees':     Designations

>      Debtors-Appellees' Counter Designation of Record on Appeal-Docket #587
>      Additional Appellees' Counter Designation of Record on Appeal-Docket #604
>      Order-Docket #554
>      Declaration of A. Keith Wall in Support of Chapter 11 Petitions and First Day
>      Motions-Docket #3
>      Transcript of Hearing on 1/23/2008-Docket #201
>      Transcript of Hearing on 3/12/2008 Docket #614